UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY BRIAN MALLGREN,

                Plaintiff,

        -against-

UNITED STATES,

                Defendant.

25-CV-4267 (LTS)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated May 4, 2016, the court barred Plaintiff from filing any future civil action in this court *in forma pauperis* ("IFP") without first obtaining the court's leave to file. *Mallgren v. United States*, ECF 1:14-CV-1420, 6 (S.D.N.Y. May 4, 2016). The court issued that filing injunction because of Plaintiff's history of frivolous, vexatious, or otherwise nonmeritorious litigation in this court and in other federal courts. *See Mallgren*, ECF 1:14-CV-1420, 5 (S.D.N.Y. Nov. 24, 2015) (order recounting Plaintiff's litigation history and directing Plaintiff to show cause why the court should not impose the abovementioned filing injunction).

Plaintiff submits this new civil action without seeking leave to proceed IFP or requesting leave of court to file this action.[1] Because Plaintiff did not pay the fees to initiate this action, the Court assumes he seeks to proceed IFP. Plaintiff did not obtain leave of court to file this new action, and the Court therefore dismisses this action for Plaintiff's failure to comply with the bar order issued in *Mallgren*, No. 14-CV-1420.

## CONCLUSION

The Court dismisses the action without prejudice for Plaintiff's failure to comply with the

---

[1] Plaintiff states that he has relocated to Washington, D.C., and seeks transfer of this action. Because this action is dismissed, the Court does not act on Plaintiff's request for transfer.

injunction set forth in *Mallgren v. United States*, ECF 1:14-CV-1420, 6 (S.D.N.Y. May 4, 2016), requiring him to obtain leave of court to file a new civil action IFP.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a civil judgment in this case.

SO ORDERED.

Dated:   May 22, 2025
         New York, New York

                                           /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                     Chief United States District Judge